# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Criminal No. 2:18-cr-00099 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN CAMPBELL, | ) | (Electronic Filing) |
| | ) | |
|     Defendant. | ) | |

## MILLER NOTICE AND ORDER

**TO THE DEFENDANT IN THE ABOVE ACTION**:

You have filed a Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255 at the above referenced docket number. You are hereby notified that federal law requires that you include all of your federal claims, challenging a specific conviction and sentence, in one habeas corpus petition pursuant to 28 U.S.C. § 2255. In other words, if this Court considers and denies your petition as filed, you will not be able to file a second or subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and the certification of the United States Court of Appeals for the Third Circuit.

The United States Court of Appeals for the Third Circuit held, in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), that, upon receipt by the United States District Court of a *pro se* petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner explaining the effect of his pleadings." This Miller notice hereby advises you of the following:

Option 1. You can have your motion ruled upon as filed.

Option 2. If your motion is not styled as a section 2255 motion, this Court can recharacterize your motion as a section 2255 motion and resolve it as such, but in that case, you

will lose the ability to file a second and successive petitions absent certification by the Court of Appeals.

Option 3. You may withdraw the motion, and file one all-inclusive section 2255 petition, as long as it is still within the original one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA).

Therefore, you are hereby directed to consider this <u>Miller</u> Notice, and to make an election between the options.

Accordingly, **AND NOW, this 31st day of March, 2020,** it is **HEREBY ORDERED** that petitioner, BRYAN CAMPBELL, shall file his "Statement of Intent" on or before **April 30, 2020**, setting forth his choice.

**<u>In the event petitioner does not file his Statement of Intent</u>** on or before **April 30, 2020**, this Court will proceed to determination of his motion as filed as a section 2255 motion, with attendant consequences under AEDPA.

It is FURTHER ORDERED that government's present response deadline to the underlying Motion is **VACATED**, and will be reset by future order.

    s\Cathy Bissoon_____
UNITED STATES DISTRICT JUDGE
CATHY BISSOON

cc: All counsel of record
Bryan Campbell, Pro Se