IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 18-99 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner's Motion (Doc. 75) under 28 U.S.C. § 2255 will be dismissed in part, and denied in part, as described below. An evidentiary hearing is unnecessary because the filings of record show that Petitioner is not entitled to relief.

Most of Petitioner's challenges are barred under the collateral attack waiver in his plea agreement: "Defendant . . . waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Doc. 57-1. The only type of claims exempted are "claim[s] of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." *Id.*

Petitioner does not claim that his waiver was unknowing and unintelligent. Nor could he, given the Court's detailed colloquy regarding the same. *See* COP Hearing Tr. (Doc. 81) at 16 (THE COURT: ". . . you've also waived the right to file a motion to vacate sentence under 28 United States Code Section 2255 and a right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that?" THE DEFENDANT: "Yes, ma'am."). The Court of Appeals for the Third Circuit has held that such a colloquy defeats later claims.

U.S. v. Parker, 793 Fed. Appx. 64, 67-68 (3d Cir. Nov. 1, 2019) ("The discussion at [the petitioner's] plea hearing sufficiently counteracts his claim that the collateral challenge waiver was not knowing and voluntary.").

Petitioner also does not claim, nor could he establish, that the waiver worked a miscarriage of justice. "[T]he miscarriage of justice exception to appellate waivers applies only in unusual circumstance[s] . . . with the aim of avoiding manifest injustice." U.S. v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014). The Court sees no indication of injustice whatsoever, and, to the extent that Petitioner references the standard (in connection with challenges otherwise waived), the government has explained why his theory lacks merit. *See* Doc. 89 at 4 (explaining that Petitioner's bank robbery charge, not his conspiracy charge, served as the predicate offense for his conviction under 18 U.S.C. § 924(c)); *see also* Indictment (Doc. 29) at Count Three (identifying predicate offense as the bank robbery charge in Count Two, not the conspiracy charge in Count One).

Petitioner's 2255 waiver is enforceable, and it precludes all claims except those for ineffective assistance of counsel. The ineffective assistance claim relates to trial counsel's allegedly dissuading Petitioner from taking a direct appeal:

> [Petitioner] was vocally displeased with his sentence at sentencing, [and] he told counsel he wanted to do something to lesse[n] the prison time. His defense attorney said there was nothing that could be done. Particularly, that because of the plea agreement and the guilty plea that Mr. Campbell could not appeal. That was the last time Mr. Campbell heard from defense counsel, and defense counsel never advised Mr. Campbell of the benefits or detriments of the appeal. . . . [C]ounsel did not tell Mr. Campbell that the government would provide him a new attorney and the proceedings transcripts without charge. If counsel had explained any of these consequences, then he would have insisted on a direct appeal even if he had to file it *pro se*.

Doc. 75 at pg. 15 of 15.

In order to prevail, Petitioner must show that trial counsel committed unprofessional errors and that, but for such errors, the result of the proceeding would have been different (*i.e.*, prejudice). U.S. v. Costello, 2021 WL 3868280, *1 (3d Cir. Aug. 18, 2021). He has proven neither.

He has not shown that trial counsel erred because, even taking Petitioner's representations as true, they were accurate statements under the circumstances. Petitioner *did* waive his right to take a direct appeal, except under conditions inapplicable in his case.[1] The only challenge that could survive Petitioner's waivers was a claim of ineffective assistance of counsel, which, (a) could not properly be leveled by trial counsel *against himself*; and, importantly, (b) "generally [is] not cognizable in the first instance on direct appeal." *See* U.S. v. Battle, 2022 WL 1301386, *3 (3d Cir. May 2, 2022) (ineffective assistance may be addressed on direct appeal "[o]nly in the rare case where facts showing [it] are clear on the record") (citation to quoted, binding authority omitted).

Counsel did not err, and even if he did, Petitioner cannot show prejudice. This is so because, at the close of Sentencing, this Court specifically explained, and Petitioner acknowledged, his appeal rights:

[By the Court]:  I advise you that you have the right to file an appeal. If you choose to file an appeal, you must do so within 14 days. If you are not able to pay the cost, you may apply for leave to appeal *in forma pauperis*. If you cannot afford a lawyer, you may petition the Court of Appeals to appoint one to represent you without cost. If you are given leave to appeal *in forma pauperis*, you must request the Clerk of Court to prepare and file forthwith a notice of appeal on your behalf. Do you understand those appeal rights?

[Defendant]:  Yes, ma'am.

---

[1] Under the plea agreement, Petitioner could appeal if the government appealed, if the sentence exceeded the statutory limits or if the sentence unreasonably exceeded the advisory Guideline range. *See* Doc. 57-1 at pg. 2 of 6. None of the exceptions applied in this case.

Doc. 83 at pg. 27.

The explanation of Petitioner's appellate rights neither contemplated nor required trial counsel's involvement. Petitioner affirmatively acknowledged them, in open court, and he cannot establish prejudice.

Consistent with the foregoing, Petitioner's 2255 Motion (**Doc. 75**) is **DISMISSED** in all respects except for his ineffective assistance claim. As relates to ineffective assistance, the Motion is **DENIED**. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

August 2, 2022                                                    s\Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via First-Class U.S. Mail):

Bryan Campbell
USMS 38939-068
Federal Correctional Complex
Unit B-3 (Low Custody)
P.O. Box 1031
Coleman, FL  33521-1031


cc (via ECF email notification):

All Counsel of Record